IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| JOE GUZMAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-334-A |
| | § | (NO. 4:16-CR-027-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Joe Guzman ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-027-A, styled "United States of America v. Joe Guzman," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 10, 2016, movant was named in a one-count indictment charging him with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(B). CR Doc.[1] 3. On April 8, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 20. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 22. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 44.

The probation officer prepared the PSR, which reflected that movant's base offense level was 34. CR Doc. 25, ¶ 27. Movant

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-027-A.

2

received a 2-level enhancement for possession of a firearm, id. ¶28, and a two-level enhancement for maintaining a drug premises, id. ¶ 29. Movant received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 35, 36. Based on his total offense level of 35 and a criminal history category of VI, movant's guideline imprisonment range was 292 to 365 months. Id. ¶ 113. Movant filed objections to the PSR. CR Doc. 46. The probation officer prepared an addendum, which included a correction to the PSR to provide a two-level increase for obstruction of justice. CR Doc. 32. Based on a total offense level of 37 and criminal history category of VI, movant's guideline imprisonment range was 360 months to life; however the statutorily authorized maximum term of imprisonment was 40 years, so the guideline range became 360 to 480 months. Id.

On June 13, 2016, the court received a letter from movant, saying that he wanted to end the attorney-client relationship with his court-appointed counsel, John Stickels ("Stickels"), and be appointed new representation. CR Doc. 27. The court ordered Stickels to meet with movant and report whether they were able to resolve whatever problems might exist between them. Id. Stickels filed a report indicating that any differences had been resolved and he and movant were preparing for sentencing. CR Doc. 31.

By order signed July 18, 2016, the court notified movant that it had tentatively concluded that his objections were without merit and that a sentence of imprisonment above the top of the guideline range would be appropriate. CR Doc. 33. On July 22, 2016, movant appeared for sentencing. CR Doc. 45. He persisted in, and the court overruled, the objections he had filed. Id. Movant acknowledged that he was guilty and said he accepted full responsibility for what he had done. Id. at 14. The court sentenced him to a term of imprisonment of 480 months. Id. at 16; CR Doc. 37.

Movant appealed. CR Doc. 39. He raised one issue that was foreclosed by Fifth Circuit precedent and requested summary disposition, which was granted. United States v. Guzman, 706 F. App'x 836 (5th Cir. 2017). His petition for writ of certiorari was denied. Guzman v. United States, 138 S. Ct. 1602 (2018).

II.

Ground of the Motion

Movant raises one ground in support of his motion. He says that his plea was unknowing and involuntary as a result of counsel's affirmative misdavice. Doc.[2] 1 at PageID[3] 4. For

---

[2] The "Doc. ___" reference is to the number of the item on the docket in this civil action.

[3] The "PageID ___" reference is to the page number assigned by the court's electronic filing system and is used because the page number of the typewritten form are not the actual page numbers of
(continued...)

4

supporting facts, he refers to his memorandum of law, Doc. 2. <u>Id.</u>

III.

Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

---

[3](...continued)
the document.

5

Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that

6

the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant's sole ground is that his plea was not knowing and voluntary because Stickels told him that he would only be held accountable for the 116.8 grams of methamphetamine mentioned in the factual resume and that he would be looking at between 7 and 15 years' imprisonment. Doc. 2, Declaration of Joe Guzman. Movant argues that these allegations are sufficient to entitle him to a hearing on the issue. Movant is mistaken.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). For a movant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in

open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitnesses to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, movant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the [movant's] showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

Movant has not provided any specific information to call into question his solemn declarations under oath, e.g., that the stipulated facts contained in the factual resume were true; that no one had promised him anything or coerced him in any way; and that he understood his sentence could be up to forty years. He does not even say when and where Stickels' alleged statements were made. He does not provide any corroboration, much less identify any witnesses. Further, the letter movant sent to the court in June 2016 belies the claim that movant was counting on a term of imprisonment of 7 to 15 years. CR Doc. 27, Ex. at 1

(noting that the remainder of movant's life hung in the balance). The letter also says that movant "felt coerced and threatened into signing an accusation that simply is not true," apparently referring to the 116.8 grams stated in the factual resume. Id. The PSR makes clear movant's substantial involvement in drug trafficking. But, because of movant's statements to the probation officer admitting that the facts set forth in the factual resume were true, the officer recommended the decrease for acceptance of responsibility. CR Doc. 27, ¶¶ 24-25. Again, at sentencing, rather than making any complaint whatsoever, movant stated that he accepted responsibility for his actions. CR Doc. 45.

The court notes that had movant disagreed with his attorney's response to the court's June 13, 2016 order, or continued to believe that Stickels should not represent him, he had ample time before sentencing in which to write another letter to the court expressing his continued discontent with Stickels. He failed to do so.

In sum, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of his contentions that is at variance with the statements he made, or the answers he gave, while under oath at

9

the rearraignment hearing. To the extent he contends that Stickels made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his rearraignment hearing is direct proof that no such thing occurred.

V.

Motion for Discovery

In addition to his motion and memorandum under § 2255, movant has filed a motion for leave to take discovery. He has not, however, shown good cause for the granting of his motion. See Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Rather, it appears that movant merely want to fish for information that might be supportive.

VI.

Order

The court ORDERS that movant's motion for leave to take discovery be, and is hereby, denied.

The court further ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 30, 2019.

/s/ John McBryde
JOHN McBRYDE
United States District Judge